JON M. SANDS
Federal Public Defender
**W. ERIC RAU**
Assistant Federal Public Defender
State Bar No. 019267
407 West Congress, Suite 501
Tucson, Arizona 85701-1310
Telephone: (520) 879-7500; Fax: (520) 879-7601
eric_rau@fd.org
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR 10-3278-TUC-RCC (BGM) |
| Plaintiff, ) | |
| ) | **OBJECTIONS TO** |
| v. ) | **PRESENTENCE REPORT** |
| ) | |
| STANLEY PATRICK, ) | |
| Defendant. ) | (Sentencing: September 11, 2012) |

Defendant, through counsel, hereby objects to the PreSentence Report prepared in this case and its recommendation to reject the stipulated plea agreement and sentence Mr. Patrick to 37 months, concurrent as to each count. The bases for the objections and Mr. Patrick's request to sentence him to 6 months in accordance with his 6-12 month plea agreement are set forth in the attached memorandum.

RESPECTFULLY SUBMITTED this 28th day of August 2012.

JON M. SANDS
Federal Public Defender

*s/ Walter Eric Rau*
W. Eric Rau
Assistant Federal Public Defender

ECF copies to:

Micah Schmit,
Assistant United States Attorney

Daniel Moreno
United States Probation Office

1

**Procedural History**

Stanley Patrick pled guilty to two counts of Assault on a Federal Officer on March 21, 2012, pursuant to a written plea agreement that was the product of extensive consultation and negotiation between the Government, the two officers named as victims in the Indictment, defense counsel, and Mr. Patrick, in which all parties eventually agreed to a range of 6 to 12 months concurrent on each count, consecutive to Mr. Patrick's present federal prison term, with no restitution sought by either officer, and no term of supervised release to follow the imprisonment.

These extensive negotiations included defense counsel's presentation to the Government of statements given to defense investigators by a number of inmates who witnessed the incident and who, when interviewed separately and with no chance to coordinate their statements, uniformly contradicted the officers' reports and portrayed Mr. Patrick's actions as self-defense, as well as discussion of the "accidental destruction" of the cellblock security videotape of the incident by USP-Tucson personnel and the evidentiary concerns that were raised by that destruction, and the Government's authority to move for a departure or variance below the applicable Guidelines under §5K2.0 to offer a deal well below the applicable guidelines.

Although Mr. Patrick was adamant that he was not the aggressor in the incident, he acknowledged the facts in the factual basis of the plea agreement at his Change of Plea hearing in order to enter into the negotiated agreement. Like the plea itself, the factual basis was extensively and carefully negotiated between the Government and the defense, and was amended more than once by the Government before it was finally acceptable to Mr. Patrick.

At the PreSentence Interview, defense counsel explained to the Probation Officer the unusual circumstances of the case, the defense's significant factual dispute as to the contents of the officers' reports and the contradictory evidence obtained from witnesses to the incident (defense counsel provided Probation the same information from his

investigation as he had to the Government), the specific reasons behind the carefully crafted factual basis, and the evidentiary concerns that all factored into the very specific agreement that both parties had entered into.

The PreSentence Report ("PSR") reflects none of the information provided by defense counsel and does not even mention it in passing. Instead, the PSR mechanically calculates the guidelines and relies solely on the officers' reports for support, and is thereby filled with erroneous and objectionable information and culminates in an excessive sentencing recommendation. The PSR recommends rejecting the carefully, thoughtfully, extensively negotiated 6-12 month plea agreement and imposing a guideline sentence of 37 months on each count. Its recommendation is based on erroneous facts that are not judicially noticeable, were never admitted by Mr. Patrick, were specifically excluded from the factual basis of his guilty plea, and were clearly and unequivocally disputed during the PreSentence Interview.

Mr. Patrick objects to the following paragraphs of the PSR:

**Paragraphs 4,5, and 6:** Apart from the exact language Mr. Patrick admitted to in the factual basis for his guilty plea, the alleged facts contained in these paragraphs, including alleged threats made by Mr. Patrick, are false, not judicially noticeable, disputed by defense witnesses, never admitted to or found beyond a reasonable doubt by a jury, and should be stricken from the PSR.

**Paragraph 10**: The PSR writer fails to acknowledge any of the contradictory information that the defense provided rebutting the officers' reports and the detailed information as to how the factual basis was crafted by the Government in order to be accepted by Mr. Patrick.

**Paragraphs 14 and 21**: The PSR writer erroneously enhances the guideline offense level for each of the two counts by two levels, "as the victim[s] sustained bodily injury." The applicable guideline, §2A2.4(b)(2), requires that injuries be "significant." The injuries sustained by the two officers when Mr. Patrick fought back were too trivial

1  to trigger the enhancement; negligible injuries such as those alleged in Mr. Patrick's
2  factual basis - redness and bleeding near the throat (fingernail cut), abrasion and swelling
3  of an eye, and small cut to a hand do not rise to the level of significance required. *See,*
4  *e.g.*, *United States v. Mejia-Canales*, 467 F.3d 1280 (10th Cir.2006). Although deducting
5  the erroneously-added levels may not change the end calculation, if this Court finds that
6  Career Offender enhancement to level 17 still applies, the error is still objectionable and
7  requires correction.

8  **Paragraph 89:** The 13-level departure represented by the plea range was the result
9  of extensive negotiation between the parties and was carefully considered and approved
10 by the Assistant United States Attorney and his supervisors, the officers involved, defense
11 counsel, and Mr. Patrick. The Government has informed defense counsel that it still
12 stands behind the plea agreement and will move at Sentencing under §5K2.0 to depart
13 downward the necessary 13-levels, as justified by the foregoing, and ask the Court to
14 sentence Mr. Patrick in accordance with his agreement.

15 **Justification, page 19:** The PSR writer asserts that "[t]here are no factors in
16 regard to the offense of the defendant to warrant a variance from the advisory guidelines."
17 This is untrue. There are clearly numerous and unusual mitigating factors, which were
18 unquestionably presented to the Government in crafting its plea offer, and to the PSR
19 writer for use in drafting the PSR and explaining the factual basis and sentencing range of
20 the plea agreement. To deny their existence is not only false, but also offensive, in light of
21 the contradictory information provided during the PreSentence Interview that the PSR
22 blatantly, and apparently intentionally, disregards.

| | |
|---|---|
| 1 | RESPECTFULLY SUBMITTED this 28th day of August 2012. |
| 2 | JON M. SANDS<br>Federal Public Defender |
| 3 | |
| 4 | *s/ Walter Eric Rau*<br>W. Eric Rau<br>Assistant Federal Public Defender |

ECF copies to:

Micah Schmit,
Assistant United States Attorney

Daniel Moreno
United States Probation Office